**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**ROBERT J. DILLON,**

**Petitioner,**

**vs.**

**CASE NO. 4:10cv22-RH/WCS**

**EDWIN G. BUSS, Secretary, Florida Department of Corrections,**[1]

**Respondent.**

**_________________________________/**

**REPORT AND RECOMMENDATION**

This is a petition for writ of habeas corpus filed by Robert J. Dillon pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges the revocation of his probation and fifteen year sentence imposed on January 14, 2008, by the Circuit Court in Franklin County, case numbers 98-CF-43 and 03-CF-134. *Id*., p. 1.

In ground one, Petitioner asserts that the trial court denied due process by revoking his probation for absconding, a violation not charged in the affidavit of

[1] Edwin G. Buss was appointed as Secretary of the Florida Department of Corrections on February 14, 2011, and is substituted for Walter A. McNeil pursuant to FED. R. CIV. P. 25(d).

violation, which charged that he changed his residence without consent of his probation officer. Doc. 1, p. 5. In ground two, he asserts ineffective assistance of counsel, as counsel advised him to enter a plea to a violation of probation (absconding) not charged in the affidavit (change of residence). *Id.*, pp. 6-7. In ground three, he asserts ineffective assistance of counsel for failing to object to the lack of a factual basis for his plea, causing Petitioner to enter a plea to a violation not charged in the affidavit. *Id.*, p. 8. Presumably this ground also concerns his admission to absconding, when he was charged with changing residence without permission. Petitioner notes that his revocation was based on absconding and two new law violations, but the prosecutor entered a nolle prosequi on the two new charges shortly thereafter. *Id.*, p. 7 and n. 1. Petitioner asserts that the trial court found he admitted to absconding due to the active arrest warrants, but he was not charged with absconding. *Id.*

  I have entered several orders concerning the procedural status of this case and whether Petitioner exhausted his state court remedies since he still had several state cases pending. See docs. 8, 10, 25. Petitioner filed a response to the first order, with exhibits attached. Doc. 9. References herein to exhibits are to those exhibits.

  Pending now is Respondent's motion to dismiss, doc. 24, as supplemented, doc. 26. Petitioner has filed a response. Doc. 27.

  Respondent initially sought dismissal, arguing that Petitioner still had cases pending in state court. Doc. 24. Respondent continued to argue that Petitioner still had cases pending in the Florida First District Court of Appeal raising claims that are raised in this § 2254 petition, and therefore he had not yet exhausted his state court remedies.

Doc. 26. Respondent argued that the petition should be dismissed rather than stayed. *Id.*, pp. 4-5.

All of Petitioner's cases in the First District Court of Appeal identified by Respondent in document 26 have ended and are closed. Case number 1D09-1437 ended on November 29, 2009. Doc. 26, p. 2. Case number 1D09-6352 ended on October 15, 2010, with the issuance of the mandate.[2] Case number 1D10-1110 ended on October 18, 2010, with issuance of the mandate. Case number 1D10-5665 ended on April 6, 2011, with issuance of the mandate. Case number 1D11-76 ended with denial of rehearing on June 28, 2011. Case number 1D11-786 ended with denial of rehearing on May 4, 2011. Accordingly, Petitioner no longer has any cases pending in state court. A stay of this case or dismissal is unnecessary. For that reason, Respondent's motion to dismiss, doc. 24, should be denied.

It now appears that this § 2254 petition should be summarily dismissed, however, as it plainly appears Petitioner is not entitled to any relief. § 2254 Rule 4.

The background of the two cases can be gleaned from the transcript of the violation of probation hearing held on January 14, 2008. Ex. G (doc. 9-1, pp. 36-62). It was explained that case number 98-43 was a conviction for manslaughter by culpable negligence (with an automobile), and case number 03-134 was a conviction for trafficking in a controlled substance. Ex. G, pp. 2-3. On April 22, 1999, Petitioner had pleaded no contest in the 1998 case. *Id.*, p. 14. In the probation violation hearing, he

[2] The docket of the Florida First District Court of Appeal is publically available online at www.1dca.org. The status of Petitioner's state cases before that court are herein judicially noticed.

was before the court on his fourth violation. *Id.* One of the alleged probation violations arising out of the 1998 case was the charge in case number 03-134, for trafficking in hydrocodone. *Id.*, p. 15. In January 2006, Petitioner had agreed to a 15 year suspended sentence in the 1998 case and a 20 year suspended sentence in the 2003 trafficking case, and five years of probation. *Id.*, pp. 15-16; see also Ex. B, Att. E (transcript of January 10, 2006) (doc. 9-1 in ECF at pp. 14-22).

The affidavit on violation of probation, dated October 19, 2006, charges as the first alleged violation:

> Violation of Condition (3) of the Order of Probation, by *changing his residence* without first procuring the consent of the probation officer, and as grounds for belief that the offender violated his probation, Officer Raybоun states that on or about 10-11-2006, the offender did move from his last known place of residence at 35 S. Franklin St., Eastpoint, FL 32328, without procuring the consent of the probation officer, as told to Officer Raybоun on 10-19-06, by Misty Dillon, the offender's sister, and his current whereabouts is unknown.

Ex. A (doc. 9-1, p. 3, emphasis added). The affidavit also charges two violations of condition (5), for failing to remain at liberty without violating any law, for committing two new criminal offenses in Franklin County, specifically sales of a controlled substance on September 5, 2006, and on September 11, 2006. *Id.* The warrant, charging these three violations of conditions of probation, was issued on October 24, 2006. Ex. B, Att. F (doc. 9-1, p. 24).

At the January 14, 2008, hearing on revocation, defense counsel conceded that shortly after Petitioner was placed on probation (in January of 2006), he "was confronted with the circumstance where he was actually going to be charged with some new law offenses," and he reacted in "utter shock" and "absconded to Georgia. The

State's prepared to introduce a waiver of extradition form with my client's signature on it. He was in Georgia." Ex. G, p. 8. Petitioner found a job in Georgia, had been a reliable worker, and his employer was still willing to take him back. *Id.*, pp. 8-9.

When Petitioner addressed the court, he said he was living in Franklin County, Florida, "taking care of my son and my baby sister and then these alleged charges popped up and honestly it scared the crap out of me. And I made a bad choice and I left here." *Id.*, p. 11. He talked about getting a job in Georgia and thinking that going there was one of the best things that had happened to him. *Id.*, pp. 11-12.

The prosecutor said it was "all well and good" that Petitioner had been working in Georgia, but said:

> Unfortunately, he's on probation and he absconds. He's [not] just not reporting for one month, he just totally absconds. And it takes a year before the State of Florida finds him in Georgia and he's ultimately extradited back down here to Florida.

*Id.*, p. 17. The court told Petitioner:

> Mr. Dillon, you've created quite a mess here, frankly. And, you know, all the things [defense counsel] says don't take into account that since January 2006 when Judge Gary did what he considered to be a favor to you at the time and what you solicited through your attorney, you have, at least based on your admissions here today sold drugs two more times and absconded from probation.

*Id.*, p. 24. The court found that Petitioner had violated his probation, revoked it, and adjudicated him guilty of the underlying offenses if not previously adjudicated. *Id.*, pp. 24-25. Petitioner was sentenced (the suspended sentences were imposed), and advised that he had 30 days to file a notice of appeal. *Id.*, pp. 25-26. The order of revocation in the 1998 case was signed on January 29, 2008. Ex. J (doc. 9-1, p. 89).

On January 16, 2008, the state dismissed charges for sale of cannabis and delivery of cannabis, in cases numbers 06-CF-287 and 06-CF-286, respectively. Ex. B, Att. C and D (doc. 9-1 in ECF, pp. 12-13). The basis for dismissing both was that Petitioner had been sentenced to 15 years in case numbers 98-43 and 03-134. *Id.*

The grounds raised in Petitioner's § 2254 petition were summarized in the last order:

> In ground one, Petitioner asserts that the trial court denied due process by revoking his probation based on a violation, absconding, not charged in the affidavit of violation, which charged that he changed his residence without consent of his probation officer. Doc. 1, p. 5. In ground two, he asserts ineffective assistance of counsel, as counsel advised him to enter a plea to a violation of probation (absconding) not charged in the affidavit (charging change of residence). *Id.*, pp. 6-7. In ground three, he asserts ineffective assistance of counsel for failing to object to the lack of a factual basis for his plea, causing Petitioner to enter a plea to a violation not charged in the affidavit. *Id.*, p. 8. Presumably this ground also concerns his admission to absconding, when he was charged with changing residence without permission. Petitioner notes that his revocation was based on absconding and two new law violations, but the prosecutor entered a nolle prosequi on the two new charges shortly thereafter. *Id.*, p. 7 and n. 1. Petitioner asserts that the trial court found he admitted to absconding due to the active arrest warrants, but he was not charge[d] with absconding. *Id.*
>
> These claims are interrelated, so it is not clear why they were not all raised either on appeal or in the first Rule 3.850 motion. They also seem frivolous, not potentially meritorious. For Petitioner to abscond to avoid arrest would almost necessarily include his changing his residence without the permission of his probation officer.

Doc. 8, pp. 3-4.

The underlying basis of all of Petitioner's claims is that his admission to absconding was not the same as an admission to the violation alleged, changing his residence without permission. He asserts in response to court order that, had he "known that the violation was for changing his residence rather than absconding, he

would have challenged the charged violation and showed that he had in fact not changed his residence. Petitioner would have shown that his residence was family owned and that all of his property and personal effects were still in place." Doc. 9, p. 2 (collecting Florida cases).

The basic law governing ineffective assistance of counsel claims was established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 467 U.S. 52, 56, 106 S.Ct 366, 369, 88 L.Ed.2d 203 (1985) (citations omitted). Hill applied Strickland in the guilty plea context.

"To establish a violation of probation, the State must prove, by a preponderance of the evidence, that a probationer willfully violated a substantial condition of probation." Walker v. State, 966 So. 2d 1004 (Fla. 5th DCA 2007); State v. Carter, 835 So. 2d 259 (Fla. 2002). "A trial court is not permitted to revoke probation on conduct not charged in the affidavit." Perkins v. State, 842 So. 2d 275, 277 (Fla. 1st DCA 2003).

Under Florida law, "[o]ne who absconds from supervision is no longer under the controlling arm of the state." Francois v. State, 695 So. 2d 695, 697 (Fla. 1997). The status of being an absconder may be indefinite, but absconding assuredly establishes a change of residence. Thus, a charge of absconding necessarily involves changing residence without permission of the probation officer. Indeed, often a charge of

absconding also includes a charge of changing residence without permission. *E.g.*, Ware v. State, 474 So. 2d 332 (Fla. 1st DCA 1985). A "residence" under Florida law for purposes of probation supervision does not mean a change of legal domicile. It simply means where one is living and sleeping at the moment. For example, in Gary v. State, 987 So. 2d 180 (Fla. 2d DCA 2008), a case cited by Petitioner, the probationer officer had visited the residence several times, had not found the probationer home, and was told by the probationer's daughter that she had moved. 987 So. 2d at 181. However, the probationer was arrested in her approved residence and denied that she had changed her residence. *Id*. The court found that this was insufficient proof of change of residence without permission. *Id*. It has also been held that an arrest in a county other than the county of probation supervision would be adequate evidence to prove the charge of changing residence without permission. Grimsley v. State, 830 So. 2d 118, 119 (Fla. 2d DCA 2002).

Petitioner admitted that he absconded. That admission was completely adequate to sustain a finding that he changed his residence without permission. Further, even if Petitioner had been able to prove that he did not change his residence without permission of his probation officer, he still admitted that he sold hydrocodone on two occasions. Those new law violations violated his probation and would assuredly have resulted in the imposition of the suspended sentences. *See* Boyer v. State, 39 So. 3d 374, 375 (Fla. 1st DCA 2010) (finding that changing residence had not been proved but affirming the revocation of probation for a new law violation). Petitioner has not presented evidence that he would not have been found guilty of those new law offenses.

Petitioner has failed to allege a claim of ineffective assistance of counsel. This petition should be summarily dismissed.

**Certificate of Appealability**

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Any argument as to whether a certificate should issue shall be included with any objections to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 24, be **DENIED**, that this petition for writ of habeas corpus filed by Robert J. Dillon pursuant to 28 U.S.C. § 2254 challenging the revocation of his probation and fifteen year sentence imposed on January 14, 2008, by the Circuit Court in Franklin County, case

numbers 98-CF-43 and 03-CF-134, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2011.

**s/ William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**